SMITH *v*. STATE.*

(En Banc. May 7, 1928.)

[116 So. 885. No. 27166.]

*Corpus Juris-Cyc. References: Homicide, 30CJ, p. 310, n. 25.

J. M. *Cashin,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Cook, J. In the circuit court of Washington county the appellant, James Smith, was indicted, tried, and convicted of the murder of Mattie Smith, his wife, and sentenced to be hanged, and from this conviction and sentence, he prosecuted this appeal.

The killing occurred in the front yard, at appellant's home during the nighttime. The principal witness for the state was the fifteen year old daughter of the appellant and the deceased, and her testimony, if believed, makes a clear case of deliberate murder. She testified that she was sleeping in the room with her mother; that during the night she was awakened by a pistol shot; that she then saw her father and mother at or near the door between her room and a back room in which one William Kennedy was sleeping; that her father had a pistol in his hand, and was leading her mother out of the house, while her mother was begging him not to kill her; that she followed them into the yard, and both she and her mother begged him not to kill her; that, after threatening to kill her, he finally turned her loose and told her to "go and pack her damn rags and leave there;" that as her mother turned' and was walking toward the house he shot her in the back with the pistol, killing her almost instantly.

The appellant testified that his wife was killed by the accidental discharge of his pistol during a scuffle between them over the possession of the pistol, which scuffle ensued immediately, or shortly after he had caught his wife in illicit relations with William Kennedy, who was sleeping in their home.

While the appellant testified positively that the killing was purely accidental, the court granted him an instruction authorizing the jury to convict of manslaughter, if they believed from the evidence that he killed his wife in the heat of passion, because he had caught her in an act of adultery. The testimony as to the circumstances of the killing was in sharp conflict, and upon this testi-

mony the jury returned a verdict of guilty of murder, which required the infliction of the death penalty.

On appeal, none of the assignments of error are of sufficient merit to authorize a reversal of the cause, or to call for discussion. There was no reversible error in the admission or exclusion of testimony, or in the granting or refusal of instructions. The law applicable to appellant's defense and theory as to the circumstances of the killing was fully and accurately stated in the instructions granted at his request, and therefore the judgment of the court below will be affirmed, and Friday, June 22, 1928, is fixed as the date for the execution of the sentence of the court below.

*Affirmed.*